UNITED STATES DISTRICT COURT
District of Massachusetts

**CIVIL ACTION NO.**

U.S. DISTRICT COURT
DISTRICT OF MASS

# 04 11891 RCL

| | |
|---|---|
| **DIANE HURLEY,** | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| **RANGELEY LAKE DEVELOPMENT** | ) |
| **CO., LLC, PAUL PECK, &** | |
| **PERRY D. WILLIAMS** | MAGISTRATE JUDGE |
| | ) |

**COMPLAINT and DEMAND FOR JURY TRIAL**

RECEIPT # 150
AMOUNT $150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK POW
DATE 8/30/04

## INTRODUCTION

Plaintiff, Diane Hurley, by her attorneys, brings this Complaint against Defendants and all others acting in concert, or otherwise participating with them or acting in their aid or behalf, seeking the protection of and redress from deprivation of her rights. This Honorable Court may exercise subject matter jurisdiction over the matters alleged in this Complaint pursuant to 28 USCS § 1331; 28 USCS § 1343; 42 USCS §§ 2000e-1 through 2000h-6; and 42 USCS § 2000e-5(g). The Court may exercise supplemental subject matter jurisdiction over all of Plaintiff's state law claims under 28 USCS. § 1367(a) including, Breach of Contract, Intentional Infliction of Emotional Distress, violation of their duties of good faith and fair dealing, Detrimental Reliance, Wrongful Termination, Discrimination, Misrepresentation and other violations of the constitutions and laws of Maine, New Hampshire, Massachusetts, and the United States of America.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction pursuant to 28 USCS § 1331 and 1332; 2 USCS § 2000e-5(t)(3); and 29 USCS § 216 and is based upon both a federal question and Diversity of Citizenship. The jurisdiction of this Court is predicated upon and within Diversity of Citizenship Jurisdiction of the United States District Court pursuant to 28 U.S.C. 1332, and 28 U.S.C. 1441(a) and proceeds under the Rules of Civil Procedure for the United States District Courts.

Venue is properly laid in this Court pursuant to 42 USCS § 2000e-5(3) in that the unlawful employment practices as hereinafter alleged were committed in this District; and 28 USCS § 1391(b) applies and in that the claims as hereinafter set forth arose in this District. Corporate Defendant is a corporation licensed to do business in this District and Diversity of Citizenship exists. This is a claim within Diversity of Citizenship Jurisdiction of this Honorable Court and is of a Diversity of Citizenship nature within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure. Venue is proper in the United States District Court pursuant to 28 U.S.C. 1332, and 28 U.S.C. 1441(a) as the Plaintiff and the Defendants are both citizens of the United States. The Plaintiff is a resident of the Commonwealth of Massachusetts and the Defendant RLD is a corporation duly organized under the laws of the State of Maine, with principal offices within the State of Maine. Upon information and belief, Defendant Williams maintains a domicile in Maine. Upon information and belief, Defendant Peck maintains a domicile in the State of Maine, and is a practicing attorney within the State of Maine. The subject matter of this action took place in the Salem, New Hampshire office of the Defendant RLD. The amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of

costs and interests, and the transactions constituting the civil action occurred within this Judicial District.

## PARTIES

1. Plaintiff, a female individual, is a citizen of the State of Massachusetts, residing at Billerica.

2. Defendant, Rangeley Lake Development Co., LLC. ("RLD") is a Maine corporation having principal places of business at 190 Riverside Street, Portland, Maine and offices in New Hampshire.

3. Paul Peck, is an individual, residing in the State of Maine and is an employer within the meaning of 42 USCS § 2000e(b) and 29 USCS § 203(d) in that he is an agent of RLD, acting directly or indirectly in their separate and/or mutual interests in relation to an employee.

4. Perry D. Williams is an individual, residing in the State of Maine and is an employer within the meaning of 42 USCS § 2000e(b) and 29 USCS § 203(d) in that he is an agent of the RLD (RLD's Managing Partner) acting directly or indirectly in their separate and/or mutual interests in relation to an employee.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Within one hundred and eighty (180) days of the occurrence of the last acts of sexual harassment and employment discrimination alleged herein, Plaintiff filed an appropriate Charge of Discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"], which was assigned Charge No. 161-2004-00056. The foregoing Charge of Discrimination charged the Defendants with the acts of discrimination and sexual harassment alleged in this Complaint, was duly served upon Defendants, and

afforded the Defendants with an opportunity to participate in administrative reconciliation proceedings through the EEOC. A true and correct copy of the aforementioned Charge of Discrimination is attached to this Complaint as Exhibit "A".

6. After investigating Plaintiff's Charge of Discrimination, the EEOC, through its District Director, issued to Plaintiff a Notice of Right to Sue Letter, which is attached to this Complaint as Exhibit "B".

7. In full compliance with the provisions of 42 USCS. § 2000e(5), Plaintiff has exhausted all available administrative remedies and has timely filed this civil action within ninety (90) days of her receipt of the aforementioned Right to Sue Letter.

## FACTUAL ALLEGATIONS

1. In or about April and May of 2003, the Plaintiff and her husband received The Resort Trades Magazine with a classified advertisement for employment placed by Defendant RLD, its agents, representatives and/or employees.

2. Upon information and belief, The Resort Trades Magazine is a trade publication that is published nationwide with substantial subscribers in Massachusetts. The Plaintiff and her husband received such publication at their then home in Stoneham, Massachusetts.

3. Based upon the employment advertisement received at his home in Massachusetts, on or about May 20, 2003, Plaintiff's husband, Kevin Hurley ("Kevin"), traveled to Portland Maine and met with one of Defendant's owners, Perry Williams ("Williams") and Defendant's RLD's Director of Sales, Patrick Warner ("Warner") to discuss an employment opportunity as Sales Manager.

4.  At this meeting Kevin was offered a Sales Manager position, as an independent contractor, which he accepted. He explained that he knew of other potential sales candidates including his wife, Hurley.

5.  Also, at that time, Kevin and RLD, its agents, representatives and employees discussed opening an office in Woburn or Stoneham, Massachusetts. After initial investigation, Kevin informed RLD that the market in the Stoneham/Woburn area was saturated and they should look into another location. An office in Salem, New Hampshire was decided upon.

6.  On or about, June 18, 2003 the Defendant RLD hired Kevin and Warner sent him an e-mail stipulating Kevin's salary of One Hundred Sixty Four Thousand ($164,000.00) per year for a five year project, agreed upon override and the parties executed an independent contractor agreement.

7.  Subsequently, Kevin was asked to travel to Portland Maine, with Plaintiff, for another meeting. Paul Peck ("Peck") Defendant's attorney, Williams, and Warner attended. At that meeting Plaintiff was offered a position as an independent sales exit manager, which she accepted. She verbally accepted Defendant's offer of Three Hundred Dollars ($300.00) per sale. The Plaintiff was told that she would make approximately Seventy-Five Thousand Dollars ($75,000.00) per year.

8.  Plaintiff worked closely with several RLD employees, including Patrick Warner ("Warner"), Verification Officer Laura Moore ("Moore"), and, upon information and belief, Portland Sales Manager Allen ("Allen"). Other co-workers included Ron Ferrar ("Ferrar"), Karen Gover ("Gover"), Lynette Kinzel ("Kinzel"), Tammy Hill ("Hill"), the Director of Human Resources, Joan Hamsted

("Hamsted") and another manager/supervisor, Troy ("Troy"). Upon information and belief, all of these employees were subsequently terminated, with the exception of Warner.

9.  On October 11, 2003 Plaintiff attended her first sales meeting, held by Kevin, at Defendant's Salem, New Hampshire location. At that time, Warner stated to everyone, "now that the fucking meeting is fucking done, you all better fucking sell something today." The Plaintiff was shocked and dismayed.

10. Upon information and belief, the next day Plaintiff's coworker, Kinsel, approached her regarding another employee, Gover. Gover did not show up for work on that day and did not call in or contact the office. Kinsel stated that on October 11, 2003 Warner and Troy made sexual advances upon Gover to persuade her to go out with them. Gover expressed how uncomfortable this made her feel. Kinsel also told Plaintiff, that Warner and Troy had sexually propositioned her, but she told them that she was married and not interested. Kinsel informed Plaintiff, that she was afraid she would lose her job for seeking her advice. Plaintiff advised her that sexual harassment was against the law and that her job was not in jeopardy.

11. The Plaintiff asserts that Kinsel brought this to her, freely and that she offered an "open ear" in concern for her co-worker.

12. Later, that day, Troy made lewd and snide comments about Gover in front of Kinsel. Kinsel told him that his conduct towards Gover was illegal, that he should not treat employees in such a manner, and she knew her rights regarding sexual harassment, after speaking with the Plaintiff.

13.  Troy informed Warner of the aforementioned conversation, and an employee meeting was convened.

14.  At the meeting Warner accused the Plaintiff of starting problems, stated that it was not the Plaintiff's place to say anything with respect to the rights of others. Warner and Troy denied any wrongdoing. Warner also specifically stated that, "This is my show. This is the way it is. I better never hear anyone mention sexual harassment, and no more talk of sexual harassment would be tolerated. Even the mere mention of the subject will not be tolerated." After stating this Warner turned to Kinsel and asked, "Are we clear?"

15.  Upon information and belief, Plaintiff asserts that Gover never returned to work.

16.  On that same day, only three tours were held and the Plaintiff sold one of them.

17.  Approximately one week later Kevin was informed by Williams, Peck and Warner that thy had changed their mind and Plaintiff would only be paid One Hundred, Seventy-Five Dollars ($175.00) in commission for her sale. Kevin explained, "Diane would probably not agree." At that time Kevin was instructed to replace the Plaintiff.

18.  On or about October 19, 2003 the Defendants wrongfully terminated the Plaintiff.

19.  On that evening the Plaintiff was told, by Warner, that RLD would not pay her commissions. The Plaintiff asked for an opportunity to speak with the owners, which Warner flatly refused. The Plaintiff inquired why she was there that night since there were no tours going on, and subsequently left.

20.  After Plaintiff left Warner informed Kevin that she had quit. Kevin told him that she had merely left for the night due to the lack of work and commissions. Warner

said, "Well she's fired anyway." Then, Warner asked Kevin if her firing was going to affect his performance. Kevin assured him it would not.

## COUNT I
## BREACH OF CONTRACT

21. Plaintiff re-alleges the foregoing Paragraphs 1-17 as if set forth again here.

22. The Defendant and the Plaintiff executed a valid, enforceable contract.

23. The Defendant, through the conduct of its agents, representatives, and employees materially breached its contract by making it impossible for the Plaintiff to satisfy her contractual terms.

24. The Defendant, through the conduct of its agents, representatives, and employees materially breached its contract by failing to tender substantial and agreed upon consideration, even after the Plaintiff performed her duties arising therefrom.

## COUNT II
## BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT

25. The Plaintiff re-alleges the foregoing Paragraphs 1-21 as if set forth again here.

26. Defendant breached its contract with the Plaintiff with fraudulent intent accompanied by fraudulent acts.

27. Defendant knowingly allowed its supervisors and managers to deal with the Plaintiff in a manner that directly conflicts and completely contravenes employment sexual harassment and discrimination policies. Said dealings have been dishonest in fact, unfair, and/or have involved unlawful appropriation.

28. The Plaintiff was specifically told not to notify management of any harassment and that the subject of sexual harassment should not be even brought up.

29.   The Defendant wrongfully disciplined the Plaintiff for asserting her rights and informing co-workers of their right not to be sexually harassed at work.

30.   The Plaintiff has suffered damages as a result.

31.   The Plaintiff seeks actual and punitive damages to redress her damages.

## COUNT III
## SEX DISCRIMINATION

32.   The Plaintiff re-alleges the foregoing Paragraphs 1-28 as if set forth again here.

33.   The Plaintiff has been wrongly discriminated against, based on her gender.

34.   Defendant's action of sexually harassing its female employees and treating its employees unfavorably constitutes sex discrimination.

35.   The Plaintiff has also been discriminated against for asserting her rights and informing other female employees of their rights against sexual harassment.

36.   The Plaintiff has been discriminated against specifically when Warner informed her that he would not acknowledge any information and/or complaints regarding sexual harassment, and that any mention of the subject, "would not be tolerated."

37.   As a direct and proximate result of Defendant's breach of its duty to provide a harassment-free workplace, the Plaintiff suffered and continues to suffer lost advancement opportunities, humiliation, embarrassment, and severe emotional distress.

## COUNT IV
## WRONGFUL TERMINATION

38.   The Plaintiff re-alleges the foregoing Paragraphs 1-34 as if set forth again here.

39.   The Plaintiff contends that the Defendant wrongfully terminated her.

## COUNT V
## DETRIMENTAL RELIANCE

40. The Plaintiff re-alleges the foregoing Paragraphs 1-36 as if set forth again here.

41. The Plaintiff relied on the Defendants', and its agents, representatives, and employees, misrepresentations to her great detriment.

42. The Plaintiff relied on the promises of the Defendant and its agents, representatives, and employees, all to her great detriment.

## COUNT VI
## INTENTIONAL (RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

43. The Plaintiff re-alleges the foregoing Paragraphs 1-39 as if set forth again here.

44. The Defendant, by its actions, intended to cause and/or recklessly caused the Plaintiff to suffer emotional distress and/or knew or should have known, that severe emotional distress was likely to result based on its, and its agents, aforementioned conduct.

45. The actions of the Defendant were of such an egregious nature that no reasonable person should anticipate or be required to endure.

46. As a result of said misrepresentations, Plaintiff has suffered anxiety, weight fluctuations, loss of trust in male co-workers and the workplace, and has experienced extreme mental anguish, depression, fear of being female in a male dominated work environment, and declining mental health.

47. Based on the Defendant's, and its representatives, agents, and employees, intentional discriminatory conduct, the Plaintiff asserts that the Defendant's

actions were beyond reasonable bounds, and therefore beyond the bounds of the employer/employee relationship.

## COUNT VII
## GOOD FAITH AND FAIR DEALING

48. The Plaintiff re-alleges the foregoing Paragraphs 1-47 as if set forth again here.

49. Said actions by Defendant were wrongful, intentional, and against public policy.

50. Defendant violated its duty of good faith and fair dealing.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

51. The Plaintiff re-alleges the foregoing Paragraphs 1-50 as if set forth again here.

52. Defendant, through its agents, tortiously caused interference with Plaintiff's contractual business relations, by terminating the agreement surreptitiously, without basis and for reasons violating the laws and constitutions of Maine, New Hampshire, and the United States of America causing the discontinuance of his established and business relationship with Defendant and the income generated and promised therefrom.

53. Therefore, the Defendant interfered with the prior, established contractual relationships, all to the Plaintiff's detriment and great damage.

WHEREFORE, having fully set forth in her Complaint, the Plaintiff prays the jury award her all available relief, including but not limited to the following:

1. Award the Plaintiff appropriate compensatory, consequential, and punitive damages against the Defendant to compensate her for monetary loss, lost wages, humiliation, embarrassment, emotional distress, and loss of equal employment rights and litigation costs, caused by Defendants' breaches of its duties to the Plaintiff;

2. Award such other and further relief as the Court deems just and proper.

11

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

RESPECTFULLY SUBMITTED,
Diane Hurley
By her attorneys,

**Dated:** August 26, 2004

*Richard C. Chambers, Jr.*

Richard C. Chambers, Jr.
BBO#651251
Chambers Law Offices
855R Broadway, Suite 101
Saugus, MA 01906
Tel: (781) 231-9432

- and -

Paul L. Kenny
BBO# 268820
42 High Street
Medford, MA 02155
Tel: (781) 393-6603

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)   Diane Hurley v. Rangeley Lake Development Company,

    LLC., et al

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

    local rule 40.1(a)(1)).

    ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

    ☑  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    Kevin Hurley v. Rangeley Lake Development Company, LLC., et al      DOCKET NUMBER UNKNOWN

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES ☐      NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
    28 USC §2403)

                                                              YES ☐      NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES ☐      NO ☑

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES ☐      NO ☑

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? -  (See Local Rule
    40.1(d)).

                                                              YES ☐      NO ☑

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division ☐        Central Division ☐        Western Division ☐

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
         agencies, residing in Massachusetts reside?

         Eastern Division ☑        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)

                                                              YES ☐      NO ☑

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   Richard C. Chambers, Jr.

ADDRESS   855R Broadway, Suite 101, Saugus, MA 01906

TELEPHONE NO.   781-231-9432

(Coversheetlocal.wpd - 10/17/02)

℈JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Diane Hurley

**(b)** County of Residence of First Listed Plaintiff  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Rangeley Lake Development Co., LLC
Paul Peck and Perry D. Williams

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard Chambers, JR. 855R Broadway
Ste. 101  Saugus, MA 01906  781-231-9432
Paul Kenny  42 High St.  Medford, MA 02155
781-396-6603

Attorneys (If Known)

**II. BASIS OF JURISDICTION**  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 3 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT**    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405 (g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**    (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332 "Diversity of Citizenship"  Title VII of Civil Rights Act, Breach of
28 U.S.C 1441(a)  Contract, Wrongful Termination, Detrimental Reliance, Tortious Interference with Business Relations,
Intentional Infliction of Emotional Distress

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):  JUDGE  Kevin Hurley v. Rangeley Lake Development Company, LLC et al.   DOCKET NUMBER  Unknown

DATE  8/27/04

SIGNATURE OF ATTORNEY OF RECORD  Richard C. Chambers, Jr.

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____