UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| **DIANE HURLEY,** )<br> )<br> Plaintiff )<br> )<br>v. )<br> )<br>**RANGELEY LAKE RESORT** )<br>**DEVELOPMENT CO., LLC, PAUL PECK** )<br>**& PERRY D. WILLIAMS** )<br> )<br> Defendants ) | Civil Action No. 04-11891-RCL |

## ANSWER

NOW COME Defendants, Rangeley Lake Resort Development Co., LLC; Paul Peck; and Perry D. Williams, and respond to Plaintiff's Complaint and Demand for Jury Trial as follows:

## INTRODUCTION

The matters set forth in this section present legal conclusions to which no responses are required. To the extent responses may be required, Defendants deny the allegations set forth in this section. In addition, reference is made to Defendants' "Affirmative Defenses."

## JURISDICTION AND VENUE

The matters set forth in this section present legal conclusions to which no responses are required. To the extent responses may be required, Defendants deny the allegations set forth in this section. In addition, reference is made to Defendants' "Affirmative Defenses."

## PARTIES

1.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

983119.1

2. Defendants deny the allegations set forth in this paragraph. Defendants Peck and Williams are associated with a Maine corporation identified as Rangeley Lake Resort Development Co., LLC. Rangeley Lake Resort Development Co., LLC, does not have offices in New Hampshire.

3. Defendants deny the allegations set forth in this paragraph.

4. Defendants deny the allegations set forth in this paragraph.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Defendants admit that a document identified as Exhibit "A" was attached to the Complaint, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, deny same.

6. Defendants admit that a document identified as Exhibit "B" was attached to the Complaint, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, deny same.

7. The allegations set forth in this paragraph present a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

## FACTUAL ALLEGATIONS

1. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

2. Defendants deny the allegations set forth in this paragraph.

3. Defendants admit that Kevin Hurley traveled to Portland, Maine, at some point and met with certain individuals, but Defendants are without sufficient knowledge or information

983119.1

to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, deny same.

4. Defendants admit the allegations set forth in this paragraph, but note that Kevin Hurley was offered a position with Rangeley Lake Vacation Club, LLC.

5. Defendants deny the allegations set forth in this paragraph.

6. Defendants deny the allegations set forth in this paragraph.

7. Defendants deny the allegations set forth in this paragraph.

8. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

9. Defendants deny the allegations set forth in this paragraph.

10. Defendants deny the allegations set forth in this paragraph.

11. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

12. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

13. Defendants deny the allegations set forth in this paragraph.

14. Defendants deny the allegations set forth in this paragraph.

15. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

16. The Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

17. Defendants deny the allegations set forth in this paragraph.

18. Defendants deny the allegations set forth in this paragraph.

983119.1

19. Defendants deny the allegations set forth in this paragraph.

20. Defendants deny the allegations set forth in this paragraph.

## COUNT I
## BREACH OF CONTRACT

21. The Defendants repeat the responses to paragraphs 1-20 with the same force and effect as if set forth fully herein.

22. The allegations set forth in this paragraph present a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

23. Defendants deny the allegations set forth in this paragraph.

24. Defendants deny the allegations set forth in this paragraph.

## COUNT II
## BREACH OF CONTRACT ACCOMPANIED BY FRAUDULENT ACT

25. The Defendants repeat the responses to paragraphs 1-24 with the same force and effect as if set forth fully herein.

26. Defendants deny the allegations set forth in this paragraph.

27. Defendants deny the allegations set forth in this paragraph.

28. Defendants deny the allegations set forth in this paragraph.

29. Defendants deny the allegations set forth in this paragraph.

30. Defendants deny the allegations set forth in this paragraph.

31. The allegations set forth in this paragraph present a legal conclusion to which no response is required. To the extent a response is required, Defendants are without sufficient

knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, deny same.

## COUNT III
## SEX DISCRIMINATION

32. The Defendants repeat the responses to paragraphs 1-31 with the same force and effect as if set forth fully herein.

33. Defendants deny the allegations set forth in this paragraph.

34. Defendants deny the allegations set forth in this paragraph.

35. Defendants deny the allegations set forth in this paragraph.

36. Defendants deny the allegations set forth in this paragraph.

37. Defendants deny the allegations set forth in this paragraph.

## COUNT IV
## WRONGFUL TERMINATION

38. The Defendants repeat the responses to paragraphs 1-38 with the same force and effect as if set forth fully herein.

39. Defendants deny the allegations set forth in this paragraph.

## COUNT V
## DETRIMENTAL RELIANCE

40. The Defendants repeat the responses to paragraphs 1-39 with the same force and effect as if set forth fully herein.

41. Defendants deny the allegations set forth in this paragraph.

42. Defendants deny the allegations set forth in this paragraph.

## COUNT VI
## INTENTIONAL (RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

43. The Defendants repeat the responses to paragraphs 1-42 with the same force and effect as if set forth fully herein.

44. Defendants deny the allegations set forth in this paragraph.

45. Defendants deny the allegations set forth in this paragraph.

46. Defendants deny the allegations set forth in this paragraph.

47. Defendants deny the allegations set forth in this paragraph.

## COUNT VII
## GOOD FAITH AND FAIR DEALING

48. The Defendants repeat the responses to paragraphs 1-47 with the same force and effect as if set forth fully herein.

49. Defendants deny the allegations set forth in this paragraph.

50. Defendants deny the allegations set forth in this paragraph.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

51. The Defendants repeat the responses to paragraphs 1-50 with the same force and effect as if set forth fully herein.

52. Defendants deny the allegations set forth in this paragraph.

53. Defendants deny the allegations set forth in this paragraph.

6

983119.1

## AFFIRMATIVE DEFENSES

### First Affirmative Defense:
### Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over each and every Defendant.

### Second Affirmative Defense:
### Improper Venue

Venue in this District is improperly laid.

### Third Affirmative Defense:
### Failure To State A Claim Upon Which Relief May Be Granted:
### Plaintiff Was An Independent Contractor

Plaintiff was an independent contractor, not an employee, and therefore she is not eligible for relief under 42 U.S.C. §§ 2000e-1 *et seq*.

### Fourth Affirmative Defense:
### Failure To State A Claim Upon Which Relief May Be Granted:
### Plaintiff Was Not Employed by Defendants

Plaintiff was employed by D.K. Hurley Associates, a party that is not named in the Complaint and that is entirely unrelated to the Defendants.

### Fifth Affirmative Defense:
### Failure to State a Claim Upon Which Relief May be Granted
### Plaintiff Has Named A Non-Existent Corporation As A Party

Plaintiff has named as Rangeley Lake Development Co., LLC, and alleged that such entity is a Maine corporation. The Office of the Secretary of State for the State of Maine lists no such entity.

### Sixth Affirmative Defense:
### Insufficiency of Service of Process

Plaintiff has wrongly identified a corporate defendant and, accordingly, has not effected proper service on any legally recognized corporate entity.

7

983119.1

### Seventh Affirmative Defense:
### Employee At Will

If Plaintiff was an employee of Defendant or a related party, then she was an employee at will.

### Eighth Affirmative Defense:
### Statute Of Frauds

Plaintiffs' claims are barred by, *inter alia*, the statute of frauds.

### Ninth Affirmative Defense:
### Pre-emption By Workers' Compensation Statute

If Plaintiff is an employee, her claims are pre-empted by the Workers' Compensation Statute in any state whose law this court could apply to her claims.

### Tenth Affirmative Defense:
### Breach Of Contract

Plaintiff failed to comply with the terms of any contract with Defendant or any related party by, *inter alia*, failing to perform her job according to its terms.

### Eleventh Affirmative Defense:
### Failure To State A Claim Upon Which Relief May Be Granted:
### No Fraudulent Statements Alleged

As to Count II of Plaintiff's complaint, Plaintiff fails to allege any fraudulent statements made by Defendant(s) to her. She alleges only that Defendant(s) gave her a command she did not agree with – a statement that cannot be false, as it does not state any facts.

### Twelfth Affirmative Defense:
### Failure To State A Claim Upon Which Relief May Be Granted:
### Claim for Tortious Interference Unavailable

Plaintiff has failed to state a claim for tortious interference because, *inter alia*, according to the Complaint's allegations, Defendant Rangeley Lake Resort Development was a party to the contract with Plaintiff, and Defendants Paul Peck and Perry Williams were agents of Defendant

Rangeley Lake Resort Development. A party to a contract cannot tortiously interfere with the contract. Any claims against Defendants sound in contract, not tort.

### Thirteenth Affirmative Defense:
### Failure To State A Claim Upon Which Relief May Be Granted:
### No Duty Of Good Faith And Fair Dealing Under Applicable Law

Plaintiff has failed to state a claim for violation of a "duty of good faith and fair dealing" because, under the state laws that apply to this case, there is no such cause of action.

### Fourteenth Affirmative Defense:
### Failure To Mitigate

If Plaintiff suffered any damages, Plaintiff has failed to mitigate such damages.

### Fifteenth Affirmative Defense:
### Injury By Fellow Servant

Plaintiff's injuries, if any, were a result of injury by a fellow servant.

### Sixteenth Affirmative Defense:
### Unforeseeable Employee Misconduct

Plaintiff's injuries, if any, were caused by unforeseeable employee misconduct.

### Seventeenth Affirmative Defense:
### Unpreventable Employee Misconduct

Plaintiff's injuries, if any, were caused by unpreventable employee misconduct.

### Eighteenth Affirmative Defense:
### Failure to State a Claim Upon Which Relief May Be Granted

Plaintiff has failed to state a claim upon which relief may be granted.

WHEREFORE, the Defendants pray that Plaintiff's Complaint be dismissed and that Defendants be awarded their costs and such other and further relief as the Court deems just and proper.

983119.1

Dated:  January 3, 2005

                                    Respectfully submitted,

                                    /s/ Roy T. Pierce

                                    Roy T. Pierce, BBO# 562811
                                    Attorney for Defendants

PRETI, FLAHERTY, BELIVEAU,
  PACHIOS & HALEY, LLP
One City Center
P.O. Box 9546
Portland, ME  04112-9546
(207) 791-3000
 rpierce@preti.com

983119.1

## CERTIFICATE OF SERVICE

      I hereby certify that on January 3, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**RICHARD C. CHAMBERS, JR., ESQUIRE**
evan@chamberslawoffice.com

/s/ Roy T. Pierce
Roy T. Pierce
PRETI, FLAHERTY, BELIVEAU, PACHIOS & HALEY, LLP
One City Center
P.O. Box 9546
Portland, ME  04112-9546
Tel: (207) 791-3000
Fax: (207) 791-3111

983119.1