UNITED STATES DISTRICT COURT
District of Massachusetts

DIANE HURLEY,  )
    Plaintiff,  )
  )
v.  )
  )  DOCKET NO. 04-11891-RCL
RANGELEY LAKE DEVELOPMENT  )
CO., LLC, PAUL PECK & PERRY D.  )
WILLIAMS,  )
    Defendants.  )
  )

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE BRIEF IN REPLY TO OPPOSITION TO MOTION TO DISMISS**

Plaintiffs, Diane Hurley and Kevin Hurley, submit this memorandum in opposition to Defendant's motion for leave to file reply brief in reply to Plaintiffs Opposition to their [amended] motion to dismiss.[1]

As grounds and reasons therefore the Plaintiff states the following:

Defendants' filed their Amended Motion to Dismiss on May 3, 2005. Plaintiffs filed an Opposition on May 23, 2005 with three accompanying affidavits. Defendants argue that the statements made in the affidavits were not alleged in the Complaint, therefore they received no prior notice of the statements, and they were unable to address said statements in their Amended Motion to Dismiss. Moreover, the Defendants contend that these statements are new allegations. Plaintiff disagrees, and submits that Defendants were given notice of the aforementioned statements by reference in the Plaintiffs' Complaints, and otherwise.

DEFENDANTS' DO NOT REQUEST FILING A REPLY BRIEF FOR EVENTS THAT OCCURRED AFTER THE FILING OF ITS AMENDED MOTION TO DISMISS

---

[1] Plaintiffs believe the actions by Diane Hurley and Kevin Hurley may have been consolidated (This present action and Kevin Hurley's action in this Court, C.A. No. 04-11892-NG).

1

*a. Notice in the Complaint*

The purpose of a complaint is to give a defendant sufficient notice of the nature of the claim to enable the defendant to make a response, not to state all of the substantive facts establishing a cause of action. A complaint need only "sketch[] the bare silhouette of a cause of action." Coolidge Bank & Trust Co. v. First Ipswich Co., 9 Mass. App. Ct. 369, 371, 401 N.E.2d 165 (1980). Here the Plaintiff provided Defendants sufficient notice to respond. The statements made in the affidavits of Diane Hurley, Kevin Hurley and Charles Mathison, which accompanied Plaintiff's Opposition to the Amended Motion to Dismiss (hereinafter "three affidavits") merely supported Plaintiffs' Complaints and drew inferences from it.

According to the Defendants, a reply brief is necessary because they did not know, when they filed their original Amended Motion to Dismiss, about the accusations contained within the three affidavits. See Defendants' Motion for Leave to File Brief (hereinafter "Motion for Leave") at ¶¶ 5, 6, 7. However, the fact that the Defendants were conducting business within the Commonwealth of Massachusetts was clearly alleged in Plaintiff Diane Hurley's Complaint, as the Plaintiff stated that "transactions" occurred within this Judicial District. In addition the Plaintiff Diane Hurley made specific reference that the Defendants were conducting business in Massachusetts, looking for office space in the Woburn/Stoneham area, etc. See Plaintiff Diane Hurley's Complaint (hereinafter "Complaint") at ¶¶ 1, 2, 5. And, the email regarding the Plaintiff's husband, Kevin Hurley, being hired was addressed in the Complaint. See Complaint at ¶ 6. Further, inasmuch as the Defendants are attempting to dismiss Plaintiff Kevin Hurley's companion case (04-11892-NG), even though the matters may not have been consolidated, the Plaintiffs rely on the same and additional statements made in Plaintiff Kevin Hurley's Complaint with respect to jurisdiction and venue. See Kevin Hurley Complaint at ¶¶ 8, 9, 10, 11, 12, 13, 16

(wherein it is stated that the Defendants were running advertisements and their office was under construction). In addition both Plaintiff Diane Hurley's Complaint and Plaintiff Kevin Hurley's Complaint asserted the reasoning for Jurisdiction and Venue. See Complaint and Kevin Hurley's Complaint, section "Jurisdiction and Venue." Therefore, the Defendants were put on proper notice, within both Complaints, of the statements made in the three affidavits accompanying the Opposition to the Defendants' Amended Motion to Dismiss. Accordingly, the Defendants' motion must be denied.

*b. Due Diligence & Discovery*

Deadlines are set for a reason as they encourage and track expeditious and proper processing of legal actions within the judicial system. Here, the Defendants are requesting to file a reply brief based on their lack of due diligence and inability to conform to scheduling deadlines.

A scheduling conference was held in this matter before this Honorable Court on February 9, 2005. At said conference the Defendants informed the Plaintiffs and the Court of their intention to file a Motion to Dismiss. As a result the Court granted a limited period to April 11, 2005 for jurisdictional discovery, and further allowed the Defendants until April 25, 2005 to file their Motion to Dismiss. The Defendants failed to conduct any discovery during this timeframe. The Defendants failure to proceed with discovery is not the Plaintiffs' fault. Therefore, Defendants' motion should be denied.

*c. Defendants In Possession of the Information Contained in Statements*

The Defendants repeatedly state, that they were and are not in the business of trade or commerce in the Commonwealth of Massachusetts, throughout their Amended Motion to Dismiss See Amended Motion to Dismiss. The Plaintiffs disagree and set forth the statements in

reliance of their position within the Opposition to Defendants' Amended Motion to Dismiss. Plaintiffs further asserts that the Defendants are in possession of all documentation and information relative to the statements made in the three affidavits, including files and/or documents relating to the Plaintiffs and Charles Mathison working for and/or on behalf of the Defendants. Therefore, the Plaintiffs state that the Defendants had amply opportunity to investigate the statements made in the three affidavits not only by the proper allegations in the Complaint and the discovery timeframe, but from their own records and documents.

Presumably the Defendants were aware of the facts set forth in the three affidavits and simply chose not to include them in their own affidavits supporting their Amended Motion to Dismiss. Accordingly, the Defendants' are seeking a second bite of the apple, and their motion should be denied.

### DEFENDANTS' REPLY BRIEF MAY MAKE DEMANDS AND FURTHER LEGAL ARGUMENTS THAT WERE NOT MADE IN ITS AMENDED MOTION TO DISMISS, THUS COMPELLING THE PLAINTIFF TO FILE A SURREPLY

Defendants' motion seeks to make further legal arguments. The Defendants assert that they will file their reply brief within ten days and limit it to ten pages. See Motion for Leave at ¶ 8. The Defendants' Motion does not include a statement of the contents of the reply brief requested and/or a copy of the request brief. Ergo, the danger of the Defendants adding information and/or other documented responses that were not made in their Amended Motion to Dismiss is extremely high. As such, the Plaintiff may be compelled to request leave to file a surreply, should Defendants be allowed to file their reply brief. This would continue to obfuscate and delay the present action, prejudicing the Plaintiffs. The Plaintiffs have agreed to all court deadlines and acted in good faith with respect to the Defendants. This includes, *inter alia*, not opposing Defendants' Amended Motion to Dismiss filed late due to their own error. Allowance

of the Defendants motion would incur substantial time and energy for the Plaintiffs to review, investigate and possibly request leave to respond. This is simply unfair to the Plaintiffs. Once again, deadlines are set for a reason. Therefore, Defendants' Motion for Leave should be denied.

## CONCLUSION

Based on the foregoing, Defendants' Motion for Leave to File Reply Brief in Reply to Opposition to [Amended] Motion to Dismiss should be denied. There are no facts set forth in Plaintiffs' Opposition and three affidavits of which the Defendants were unaware, and they simply chose not to include same in their affidavits filed in support of their Amended Motion to Dismiss. In fact, Defendants chose to hide behind a Limited Liability Company, which was not even formed until well after the multiple contacts and initial agreements were formed.

RESPECTFULLY SUBMITTED,
DIANE HURLEY
By her attorneys,

**Dated:** June 30, 2005

Richard C. Chambers, Jr.
BBO#651251
Chambers Law Offices
855R Broadway, Suite 101
Saugus, MA 01906
Tel: (781) 231-9432

- and -

Paul L. Kenny
BBO# 268820
42 High Street
Medford, MA 02155
Tel: (781) 393-6603

**CERTIFICATE OF SERVICE**

I, Richard C. Chambers, Jr., hereby certify that I caused a true and accurate copy of the foregoing document was served upon Roy T. Pierce, attorney of record for the Defendants, by first class mail, postage prepaid to said counsel at: PRETI, FLAHERTY, BELIVEAU, PACHIOS & HALEY, LLP, One City Center, P.O. Box 9546, Portland, ME 04112-9546.

**Dated:** June 30, 2005

_Richard C. Chambers, Jr._ (signature)
Richard C. Chambers, Jr.